**FILED**

JAN 2 2 2016



CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM PAUL WHITING, | 3:15-CV-03017-RAL |
| Plaintiff, | |
| vs. | |
| ANDREW MARTINEZ, individually and in his official capacity, LEROY GREAVES, individually and in his official capacity, AND KELSEY F. RUBY, individually and in her official capacity, | OPINION AND ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |
| Defendants. | |

On September 25, 2015, Plaintiff William Paul Whiting ("Whiting") filed a pro se claim against Andrew Martinez, Sergeant for the Rosebud Police Department ("Sergeant Martinez"), Leroy Grieves,[1] Magistrate Judge for the Rosebud Sioux Tribe ("Judge Grieves"), and Kelsey F. Ruby, Prosecutor for the Rosebud Sioux Tribe ("Ruby"), in their individual and official capacities under 28 U.S.C. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Doc. 1. Whiting alleges that Sergeant Martinez, Judge Grieves, and Ruby (collectively "Defendants") violated his constitutional rights and seeks monetary damages. Doc. 1. Whiting also filed a motion for leave to proceed in forma pauperis. Doc. 2. For the reasons stated below, Whiting's motion for leave to proceed in forma pauperis is granted, and his

---

[1]Whiting incorrectly spelled Judge Grieves' name as Greaves. For consistency, the correct spelling will be used throughout the remainder of this Opinion and Order.

1

Complaint is dismissed without prejudice under the doctrine of tribal sovereign immunity and for failure to state a claim and lack of subject matter jurisdiction under 28 U.S.C. § 1915A.

## I. FACTS

Whiting's Complaint alleges two counts, both of which center around his arrest by Rosebud Sioux Tribe law enforcement for resisting arrest and disorderly conduct on or about July 31, 2015.[2] Doc. 1 at 2. Count I of the Complaint alleges that Whiting's Fourth Amendment rights were violated and that he was wrongly imprisoned when Sergeant Martinez falsely stated that Whiting was resisting arrest "by verbally threating [Sergeant Martinez] and kicking the windows inside [Sergeant Martinez's] patrol unit." Doc. 1 at 2, 4. Count II alleges that as a result of his subsequent incarceration, Whiting was deprived of his liberty and due process in violation of the Fifth Amendment.[3] Doc. 1 at 5. Whiting did not specifically state which Defendants violated his rights in regards to Count II. However, Whiting did allege that Judge Grieves and Ruby were acting under color of law when each stated that Whiting committed the offenses of resisting arrest and disorderly conduct after reviewing the evidence and tribal complaint against him. Doc. 1 at 2.

## II. DISCUSSION

### A. In Forma Pauperis Status

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(1), a district court may authorize the commencement of a suit without prepayment of fees or security by a person who requests for leave to proceed in forma pauperis. In forma pauperis status does not

---

[2]Whiting did not provide the specific date of his arrest, but he listed July 31, 2015 as the date he began his incarceration. Doc. 2 at 1.

[3]Although Whiting states there were "other charges," he only refers to the specific charges of disorderly conduct and resisting arrest. Doc. 1 at 5. The disposition of Whiting's tribal offenses is unclear from this Court's record.

require an applicant to be completely destitute, and the determination whether an applicant is sufficiently impoverished to qualify rests in the district court's discretion. Id.; Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Whiting did not pay the civil filing fee in this case, but has filed an application to proceed in forma pauperis, Doc. 2, and the record includes a Prisoner Trust Account Report, Doc. 3. Upon review, this Court finds that Whiting is indigent.[4] Therefore, Whiting's motion to proceed in forma pauperis is granted.

The PLRA, however, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires twenty percent of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. Whiting is obligated to pay the filing fee regardless of whether this Court allows or dismisses this action. In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal"). Whiting shall pay $3.99 for the initial partial filing fee in this case because he has $19.97 in his prisoner trust account.

---

[4]Whiting declared that he has no money in any accounts, does not own property of value, and had two dependents. Doc. 2 at 2. At the time of the in forma pauperis filings, Whiting had been incarcerated for approximately two months and had a prison account balance of $19.97, an average monthly deposit of $130.00, and an average monthly balance of $2.45. Doc. 3.

## B. Screening of Whiting's Claims & Liberal Construction of Pro Se Complaint

Congress has directed this Court, under 28 U.S.C. § 1915A, to review and screen claims in a complaint being filed in forma pauperis to determine if they are (1) "frivolous, malicious, or fail[] to state a claim on which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief."[5] 28 U.S.C. § 1915A(b); see also Stanko v. Patton, 228 F. App'x 623, 624 (8th Cir. 2007) ("A complaint is frivolous where it lacks an arguable basis either in law or in fact." (quoting Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997))); Jefferies v. Marshall, No. CIV-12-3023, 2012 WL 3730605, at *2 (D.S.D. Aug. 28, 2012) ("This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted."); In re Prison Litig. Reform Act, 105 F.3d at 1131 ("[B]efore service of process is made on the opposing parties, the district court must screen the case under the criteria of 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A.").

A court must assume as true all facts well pleaded in the complaint. Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). "Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). "[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Id. (alterations in original) (quotation omitted). A complaint "does not need detailed factual allegations . . . [but]

---

[5]Section 1915A is restricted to prisoners who sue a "governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915(e)(2) overlaps the criteria of section 1915A but is different in three respects. Section 1915(e)(2) is not restricted to actions brought by prisoners, not limited to cases involving government defendants, and is applicable throughout the entire litigation process. 28 U.S.C. § 1915(e)(2). This Opinion and Order screens and dismisses Whiting's action under section 1915A, but even if a tribe and tribal employees would not prompt section 1915A's application, a similar disposition of dismissal for all claims would be warranted under section 1915(e)(2).

4

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials and instead is based on vague or conclusory allegations or "unsupported generalizations," dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (internal quotation marks and quotation omitted). In Twombly, the Supreme Court of the United States made clear that a complaint's factual allegations, when taking all those allegations as true, must be "enough to raise a right to relief above the speculative level." 550 U.S. at 555.

There are two reasons why Whiting cannot proceed with this action. First, Defendants are immune from suit in federal court. Second, this Court lacks subject matter jurisdiction. Each issue is separately addressed below.

## C. Tribal Sovereign Immunity

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B., 786 F.3d 662, 670 (8th Cir. 2015) (quoting Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998)). Absent a clear and unequivocal waiver or congressional authorization, this Court does not have subject matter jurisdiction over an action against a federally recognized tribe. Michigan v. Bay Mills Indian Cmty., 134 S. Ct. 2024, 2030–31 (2014). The Eighth Circuit has found that a tribe's sovereign immunity may extend to a tribal entity or agency. See J.L. Ward Assocs., Inc. v. Great Plains Tribal Chairmen's Health Bd., 842 F. Supp. 2d 1163, 1171–72 (D.S.D. 2012) (collecting cases). In a suit for damages, tribal immunity also protects tribal employees acting in their official capacities and within the scope of their authority, as the relief would run directly against the tribe itself. Baker Elec. Coop., Inc. v.

5

Chaske, 28 F.3d 1466, 1471 (8th Cir. 1999) (quoting N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty., 991 F.2d 458, 460 (8th Cir. 1993)); see also Cohen's Handbook of Federal Indian Law § 7.05[1][a], at 638 (Nell Jessup Newton et al. eds., 2012). But cf. Bay Mills Indian Cmty., 134 S. Ct. at 2035 (noting that tribal immunity, however, does not bar suits "for injunctive relief against individuals, including tribal officers, responsible for unlawful conduct" (emphasis omitted)).

Here, the tribe's sovereign immunity protects all three Defendants against those claims. Whiting alleges that Defendants were employed by the Rosebud Sioux Tribe ("the Tribe")—a federally recognized Indian tribe—as a police officer, magistrate judge, and prosecutor. Doc. 1; 25 U.S.C. § 479a, a–1; Indian Entities Recognized and Eligible to Receive Services for the United States Bureau of Indian Affairs, 80 Fed. Reg. 1942-02, 1942, 1945 (Jan. 14, 2015). Whiting does not contend that Congress has authorized this suit or that the Tribe has waived its sovereign immunity. Whiting does not allege that Defendants were acting outside the scope of their official authority or that the Rosebud Police Department and the tribal court somehow are not arms of the tribe. Thus, Whiting's claims for money damages against Defendants in their official capacities are barred by tribal sovereign immunity and must be dismissed. 28 U.S.C. § 1915A(b)(2).

Whiting's claims against Defendants in their individual capacities similarly cannot stand. To state a claim against Defendants in their individual capacities, Whiting must alleges facts which suggest that Defendants did not act on the Tribe's behalf or that Defendants exceeded the authority granted to them by the Tribe. See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689–92 (1949); see also Burrell v. Armijo, 603 F.3d 825, 832–35 (10th Cir. 2010); Frazier v. Turning Stone Casino, 254 F. Supp. 2d 295, 309–10 (N.D.N.Y. 2003); Ross v.

Flandreau Santee Sioux Tribe, 809 F. Supp. 738, 745 (D.S.D. 1992); Cohen § 7.05[1][a], at 638–39 ("Suits for damages against employees or officers in their individual capacities are barred by qualified immunity unless the alleged actions were not colorably within the authority delegated by the tribe."). However, no such allegations were made. In Count I, Whiting merely alleges that Sergeant Martinez made false statements regarding Whiting's arrest; in Count II, Whiting tersely alleges that he was incarcerated by the Rosebud Sioux Tribe. Thus, Whiting's claims against Defendants in their individual capacities must be dismissed. 28 U.S.C. § 1915A(b)(1); see also Ferguson v. SMSC Gaming Enter., 475 F. Supp. 2d 929, 931 (D. Minn. 2007) ("A mere claim that [the individual defendant] made an error in exercising his authority is not sufficient."); Frazier, 254 F. Supp. 2d at 310 (holding individual defendants who were alleged to have violated state law and acted outside the scope of their authority were immune from suit because no allegations were made that the defendants acted "'without any colorable claim of authority'" (quoting Bassett v. Mashantucket Pequot Museum & Research Ctr., Inc., 221 F. Supp. 2d 271, 281 (D. Conn. 2002))).

## D. Subject Matter Jurisdiction

Even if the Tribe had waived its sovereign immunity, Whiting cannot establish that this Court has jurisdiction over the subject matter of this action. "Aside from the Indian Civil Rights Act [("ICRA")], no federal statute specifically addresses the civil rights of persons under tribal jurisdiction." Cohen § 14.04[3], at 989. This is because many federal civil rights statutes limit their application, by their very terms, to states or state action,[6] or impose duties on the executive

---

[6]The Tribe is not a "person" amenable to suit under § 1983. Only "persons" who deprive citizens or other persons within the jurisdiction of the United States of rights conferred by federal laws under the color of state law may be liable under § 1983. 42 U.S.C. § 1983. The Supreme Court has stated that there is a "longstanding interpretive presumption" that the word "person" typically does not include a sovereign. Vt. Agency of Nat. Res. v. United States ex rel. Stevens,

7

and federal government;[7] those limitations do not apply to Indian tribes. Id.; see also Santa Clara Pueblo v. Martinez, 436 U.S. 49, 56–57 (1978) (noting that absent a congressional delegation of power, tribes are not states of the Union as described in the federal Constitution). But even under ICRA, federal judicial review of tribal actions is authorized only through the habeas corpus provision of 25 U.S.C. § 1303, Santa Clara, 436 U.S. at 58, 69–70. Additionally, the Eighth Circuit has stated that ICRA only provides rights "against the tribe and governmental subdivisions thereof, and not against tribe members acting in their individual capacities." Means v. Wilson, 522 F.2d 833, 841 (8th Cir. 1975) (citing 25 U.S.C. § 1302); see also id. (concluding that "it is plain that only actions of the tribe and tribal bodies are constrained"). Defendants thus may not be sued for money damages in either their official or their individual capacities under ICRA.

## III. CONCLUSION

Therefore, it is hereby

ORDERED that Whiting's motion to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that the institution having custody of Whiting is hereby directed that whenever the amount in Whiting's trust account exceeds $10.00 monthly payments that equal

---

529 U.S. 765, 780 (2000); see also Inyo Cty., Cal. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony, 538 U.S. 701, 708–09 (2003) (noting that in enacting § 1983 Congress did not intend to override sovereign immunity); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In Inyo County, the Supreme Court held that an Indian tribe was not a "person" who could sue under § 1983. 538 U.S. at 708–12. As the Supreme Court recognized there, it would be illogical to hold that "person" used within the same statute means two different things whether the entity is bringing suit or being sued. Id. at 710.

[7] In Bivens, the Supreme Court of the United States created a damages action against federal officials as an implied remedy for constitutional violations. 403 U.S. at 392–99. In this case, neither Defendants are federal officials.

twenty percent (20%) of the funds credited to the account the preceding month be forwarded to the United States District Court Clerk, 400 South Phillips Avenue, Sioux Falls, South Dakota, 57104, pursuant to 28 U.S.C. § 1915(b)(2), until Whiting has paid the $350.00 filing fee in full. It is finally

ORDERED that Whiting's Complaint, Doc. 1, is dismissed without prejudice under the doctrine of tribal sovereign immunity and for failure to state a claim and lack of subject matter jurisdiction under 28 U.S.C. § 1915A.

DATED this 22nd day of January, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

9